UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
RANDY SOTO,

                Petitioner,

      -v-

JAMES WALSH,

                Respondent.
------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/18/08

08 Civ. 5283 (GEL)

**ORDER**

GERARD E. LYNCH, District Judge:

      Randy Soto, a New York State prisoner, moves for *in forma pauperis* status and requests the appointment of counsel in connection with his petition for habeas corpus relief under 28 U.S.C. § 2254. The motion for *in forma pauperis* status will be granted, but the application for appointment of counsel will be denied.

      A prisoner seeking relief in a habeas corpus proceeding has no constitutional right to representation by counsel. See Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Green v. Adams, 984 F.2d 41, 47 (2d Cir. 1993). The Criminal Justice Act, however, authorizes courts to appoint counsel to financially eligible petitioners when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In determining whether to grant discretionary appointment of counsel, courts in this circuit have looked to such factors as the petitioner's likelihood of success on the merits, the complexity of the legal issues raised by the petition, and the petitioner's ability to investigate and present the case." Gonzalez v. New York, 05 Civ. 9028 (GEL), 2006 WL 728482, at *1 (S.D.N.Y. Mar. 21, 2006), quoting De los Rios v. United States, No. 86 Cr. 279 (LMM), 1994 WL 502635, at *6 (S.D.N.Y. Sept. 14, 1994) (internal quotation marks omitted).

The Court assumes that petitioner, given his incarcerated status, his lack of economic resources, and his lack of legal training, has a limited ability to investigate and present his case. Nevertheless, petitioner's current claims appear identical to those pursued on direct appeal with the assistance of counsel in connection with his direct appeal, namely that (1) his conviction was against the weight of the evidence; (2) his conviction for possession of a weapon was the basis of his assault conviction and should be dismissed, and (3) his sentence is unduly harsh and excessive and should be reduced. See People v. Soto, 37 A.D.3d 162, 827 N.Y.S.2d 661 (1st Dep't), leave to appeal denied, 8 N.Y.3d 950, 868 N.E.2d 243, 836 N.Y.S.2d 560 (Table) (N.Y. 2007).[1] Because petitioner was represented on appeal, the Court will have access to the appellate briefs prepared by petitioner's former counsel, as well as the full trial record. There is thus little reason to believe that the benefits flowing from the appointment of counsel justify the costs. Indeed, as numerous courts in this circuit have found, where a case "may fairly be heard on written submissions, the appointment of counsel . . . generally is not warranted." Llanos v. Goord, No. 06 Civ. 0261 (RJH) (AJP), 2006 WL 563309, at *2 (S.D.N.Y. Mar. 9, 2006) (collecting cases).

Finally, petitioner's minimal likelihood of success on the merits further argues against appointment of counsel in this matter. This Court can grant post-conviction relief only where petitioner demonstrates that the state court's adjudication of the matter (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was

---

[1] In addition to the claims petitioner pursued on direct appeal with the assistance of counsel, petitioner also pursued certain claims *pro se*. All the claims petitioner raises in the instant matter, however, appear to be claims that were presented by counsel.

2

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Petitioner's arguments, which were summarily rejected by the Appellate Division, offer little prospect of meeting that standard.

Petitioner first argues that his conviction was against the weight of the evidence. Such claims are matters of state law not cognizable on federal habeas review. See Sosa v. Mohawk Corr. Facility, No. 07 Civ. 5916 (NRB), 2008 WL 534764, at *3 (S.D.N.Y. Feb. 25, 2008). Habeas courts may, however, assess claims pertaining to the sufficiency of the evidence. See id. Because this court is to interpret *pro se* submissions "to raise the strongest arguments that they suggest," Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006), quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (internal quotation marks omitted), petitioner's claim that his conviction is against the weight of the evidence may be treated as a claim challenging the sufficiency of the evidence. A petitioner challenging the sufficiency of the evidence, however, bears a "very heavy burden." Knapp v. Leonardo, 46 F.3d 170, 178 (2d Cir. 1995). Habeas relief may be granted only where "no rational trier of fact could have found proof of guilt beyond a reasonable doubt" based on the record evidence. Vera v. Hanslmaier, 928 F. Supp. 278, 284 (S.D.N.Y. 1996), quoting Jackson v. Virginia, 443 U.S. 307, 324 (1979) (internal quotation marks omitted). In making this determination, a habeas court is precluded from disturbing jury findings on witness credibility, making credibility determinations about trial testimony, or weighing conflicting testimony. See Salinas v. Artus, No. 07 Civ. 3420 (LBS), 2007 WL 4292033, at *2 (S.D.N.Y. Dec. 3, 2007). In fact, on collateral review, a court reviewing an insufficiency claim "must presume that the jury resolved any questions of credibility in favor of the prosecution." Vera, 928 F. Supp. at 284, quoting Anderson v. Senkowski, No. 92 Civ. 1007,

3

1992 WL 225576, at *3 (E.D.N.Y. 1992) (internal quotation marks omitted). Petitioner is unlikely to satisfy this burden. After reviewing petitioner's claims on the more generous "weight of the evidence" standard available under state law, the Appellate Division held that there was no basis for disturbing the jury's verdict. 37 A.D.3d at 162, 827 N.Y.S.2d at 661.

Petitioner's second claim alleging that his weapon conviction was the basis of his assault conviction and should be dismissed could be read to raise a constitutional double jeopardy challenge. The Fifth Amendment's protection against double jeopardy precludes prosecution for one offense and subsequent prosecution for the same or a lesser included offense. See Aparicio v. Artuz, 269 F.3d 78, 96 (2d Cir. 2001). However, "[t]he [mere] fact that both offenses arise out of a single criminal transaction is not dispositive." Aparicio, 269 F.3d at 97. While the basis for petitioner's claim is unclear, nothing in the record now before the Court suggests that the claim has more merit than was apparent to the Appellate Division.

Finally, petitioner has little chance of succeeding on his sentencing claim. He appears to argue that his sentences should have been made to run concurrently, but there is "no constitutionally cognizable right to concurrent, rather than consecutive, sentences." United States v. McLean, 287 F.3d 127, 136-37 (2d Cir. 2002). Unless petitioner can demonstrate that his sentence exceeds the range prescribed by state law, "[n]o federal constitutional issue is presented." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).

Although the Court finds that petitioner is unlikely to succeed on the merits, it expresses no view on the ultimate merits of petitioner's arguments, as the current record is insufficiently developed to make such a determination. Pursuant to the Court's order of July 3, 2008, respondent is required to respond by September 5, 2008. That response, together with any reply

4

petitioner may choose to make, will permit the Court to engage in a more thorough review of the issues presented by this petition. Should the Court subsequently conclude that the interests of justice favor the appointment of counsel, the Court may revisit the issue at that time. At this time, however, there has been no showing of circumstances sufficient to warrant appointment of counsel.

Accordingly, petitioner's application for appointment of counsel pursuant to 18 U.S.C. § 3006A is denied. Petitioner is, however, granted permission to proceed *in forma pauperis*.

SO ORDERED.

Dated: New York, New York
       August 18, 2008

_____
GERARD E. LYNCH
United States District Judge

Copy to:

Randy Soto 01-A-3858
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, NY 12733–0116