UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
                                          :
RANDY SOTO,                               :
                                          :
                   Petitioner,            :
                                          :        08 Civ. 5283 (GEL)
        -v-                               :
                                          :        **OPINION AND ORDER**
JAMES WALSH,                              :
                                          :
                   Respondent.   :
-----------------------------------------------------x

GERARD E. LYNCH, <u>District Judge</u>:

         Randy Soto, a New York State prisoner, petitions for habeas corpus, challenging his

conviction of two counts of first-degree assault and one of second-degree criminal possession of

a weapon, and his consequent prison sentence of twenty years.  The petition will be denied.

         According to the two victims and an eyewitness, Soto shot Angel Orta and Jose Bisbal

following an altercation.  Although these witnesses testified that Soto also shot a third man, Rene

Cintron, during the same incident, Cintron testified for the defense that he did not believe Soto

had shot him, because he was shot in the back and Soto had been in front of him.  Cintron had

initially told investigating officers that Soto had not shot him, but later identified Soto as the

shooter; he testified that he had changed his story and implicated Soto at the behest of Orta and

Bisbal.

         The jury acquitted Soto of various charges, including three counts of attempted murder,

but convicted him of criminal possession of a weapon and two counts of first-degree assault for

shooting Orta and Bisbal.  After finding Soto to be a second felony offender, the court sentenced

him to two consecutive ten-year terms on the assault counts, and a concurrent eight-year term on

the weapons charge.

Soto's conviction and sentence were affirmed by the Appellate Division, People v. Soto, 827 N.Y.S.2d 661 (1st Dep't 2007), and leave to appeal was denied by the Court of Appeals.  8 N.Y.3d 950 (2007).  A further application to reargue his appeal was also denied.  (Chamoy Decl. Ex. 8.)

Soto now seeks habeas corpus, raising three arguments, each of which was presented to the Appellate Division and rejected: (1) that the conviction was against the weight of the evidence; (2) that the weapons conviction should be overturned because it "was based on the same theory, [sic] of the assault"; and (3) his sentence was excessive and unduly harsh.  (Pet. 7-8, ¶¶ 22A-C; cf. Chamoy Decl. Ex. 1 at ii.)

All of these arguments are based on state law, and thus cannot form the basis of a federal habeas petition.  Moreover, the arguably analogous federal claims, to the extent they were raised in the state courts, lack any merit.

First, unlike the Appellate Division, see People v. Bleakley, 69 N.Y.2d 490, 495 (1987), federal habeas courts have no power to review the weight of the evidence.  See, e.g., Peterson v. Greene, No. 06 Civ. 41 (GEL), 2008 WL 2464273, at *10 (S.D.N.Y. June 18, 2008).  Soto essentially restates his argument, made to and rejected by the jury, that Cintron is more credible than Orta and Bisbal (and the eyewitness, Orta's girlfriend), who allegedly had reasons to dislike Soto.  But "[a]ssessments of the weight of the evidence or the credibility of witnesses are for the jury," and not for habeas courts.  Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996).

A federal claim is only made out where the evidence is constitutionally insufficient because no reasonable juror could find guilt beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 324 (1979).  That standard is manifestly not met here: while the jury was not

obligated to believe the prosecution witnesses, it was entitled to do so, and the testimony of three

eyewitnesses, including the two victims, was amply sufficient to permit a constitutional guilty

verdict.

Second, Soto argues that the weapons conviction should be overturned because it was

part of the same transaction as the assault.  (Pet. 8, ¶ 22B.)  Although the argument in the

petition is somewhat garbled (id.), it appears that Soto intends to raise the same claim made in

his state appellate brief (Chamoy Decl. Ex. 1 at 35), which was expressly formulated as an

argument for dismissal "in the interest of justice," citing only state law precedents.  (Id.)  State

appellate courts have the power to provide such relief.  See People v. Williams, 767 N.Y.S.2d

588 (1st Dep't 2003).  Federal habeas courts do not.  See, e.g., Daughtry v. Conway, No. 03 Civ.

4836 (RJH) (THK), 2006 WL 2850260, at *18 (S.D.N.Y. Sept. 29, 2006).

Nor may Soto claim that the weapons and assault charges constitute the same offense,

such that the conviction on both counts constitutes double jeopardy.  As Soto expressly conceded

in his Appellate Division brief (Chamoy Decl. Ex. 1 at 35), the weapons charge is not a lesser

included offense.  See Blockburger v. United States, 284 U.S. 299, 304 (1932); People v.

Mitchell, 628 N.Y.S.2d 914, 915 (4th Dep't 1995) ("Criminal possession of a weapon is not a

lesser included offense of assault.").

Third, and finally, Soto's attack on his sentence also appeals to a power specifically

granted to the Appellate Division: the power to reduce sentences on grounds of undue severity.

See People v. Pollenz, 67 N.Y.2d 264, 267-68 (1986).  However, a sentence may not be attacked

on habeas corpus where "the sentence is within the range prescribed by state law."  White v.

Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).  Nor may Soto claim the sentence is constitutionally

disproportionate to the crime and therefore cruel and unusual in violation of the Eighth Amendment.  Soto forfeited any such federal constitutional claim by failing to raise it in the state courts.  In any event, if a life sentence for possession of more than half a kilo of cocaine is constitutional, see Harmelin v. Michigan, 501 U.S. 957, 961, 996 (1991), then surely so is a 20-year sentence for shooting two human beings, causing grievous injuries, significant hospitalization, permanent consequences, and the threat of death and paralysis.  (Chamoy Decl. Ex. 3 at 7-8.)

## CONCLUSION

Accordingly, for the reasons set forth above, the petition for habeas corpus is denied. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").  Petitioner may, however, pursue any further appellate remedies *in forma pauperis*.

SO ORDERED.

Dated: New York, New York
       December 15, 2008

GERARD E. LYNCH
United States District Judge

Copy to:

Randy Soto 01-A-3858
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, NY 12733–0116

4